UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSICA KENNEDY,

                                        Plaintiff,

v.                                                                          3:09-CV-0670
                                                                            (LEK/GHL)

MICHAEL J. ASTRUE,
*Commissioner of Social Security*,

                                        Defendant.

_____

APPEARANCES:                                         OF COUNSEL:

LACHMAN & GORTON                              PETER A. GORTON, ESQ.
*Counsel for Plaintiff*
1500 E. Main St.
P.O. Box 89
Endicott, New York 13761-0089

SOCIAL SECURITY ADMINISTRATION          BENIL ABRAHAM, ESQ.
Office of Regional General Counsel - Region II    Special Assistant U.S. Attorney
*Counsel for Defendant*
26 Federal Plaza - Room 3904
New York, NY 10278

GEORGE H. LOWE, United States Magistrate Judge

**REPORT-RECOMMENDATION**[1]

## I.      BACKGROUND

### A.      Procedural History

On October 22, 2007, Plaintiff Jessica Kennedy protectively applied for supplemental

security income ("SSI").  Administrative Transcript ("T") 46, 87-89.  On January 4, 2008, the

application was denied by the Social Security Administration.  T 47-50.  On March 9, 2009, a

_____

[1]  This matter was referred to me for report and recommendation by the Honorable
Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and
Northern District of New York Local Rule 72.3.

hearing was held before an Administrative Law Judge ("ALJ").  T 20-44.  On May 7, 2009, the

ALJ determined that Plaintiff was not disabled.  T 6-19.

Plaintiff appealed to the Appeals Council.  T 4-5.  On June 4, 2009, the Appeals Council

denied Plaintiff's request for review, making the ALJ's decision the final decision of the

Commissioner.  T 1-3.  Plaintiff commenced this action on June 11, 2009.  Dkt. No. 1.

### B.     The Contentions

Plaintiff makes the following claims:

1.  The ALJ erred by failing to assess the treating physician's opinion.  Dkt. No. 12 at 8-

10.

2.  The ALJ erred by failing to properly assess Plaintiff's credibility, and by failing to

properly assess a witness's testimony.  Dkt. No. 12 at 10-14; *see also* Dkt. No. 16-1.

3.  The RFC determination is not supported by substantial evidence.  Dkt. No. 12 at 14-

16.

4.  The ALJ erred by failing to call a vocational expert.  Dkt. No. 12 at 16.

Defendant disagrees, and argues that the decision should be affirmed.  Dkt. No. 15.

## II.     APPLICABLE LAW

### A.     Standard for Benefits

To be considered disabled, a plaintiff seeking disability insurance benefits or

supplemental security income benefits must establish that he is "unable to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  In

addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he
> is not only unable to do his previous work but cannot, considering his age,
> education, and work experience, engage in any other kind of substantial gainful
> work which exists in the national economy, regardless of whether such work
> exists in the immediate area in which he lives, or whether a specific job vacancy
> exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)),

the Social Security Administration ("SSA") has promulgated regulations establishing a five-step

sequential evaluation process to determine disability.  20 C.F.R. § 404.1520.  "If at any step a

finding of disability or non-disability can be made, the SSA will not review the claim further."

*Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the claimant shows that
> he is not working at a "substantial gainful activity."  [20 C.F.R.] §§ 404.1520(b),
> 416.920(b).  At step two, the SSA will find non-disability unless the claimant
> shows that he has a "severe impairment," defined as "any impairment or
> combination of impairments which significantly limits [the claimant's] physical or
> mental ability to do basic work activities."  [20 C.F.R.] §§ 404.1520(c),
> 416.920(c).  At step three, the agency determines whether the impairment which
> enabled the claimant to survive step two is on the list of impairments presumed
> severe enough to render one disabled; if so, the claimant qualifies.  [20 C.F.R. §§]
> 404.1520(d), 416.920(d).  If the claimant's impairment is not on the list, the
> inquiry proceeds to step four, at which the SSA assesses whether the claimant can
> do his previous work; unless he shows that he cannot, he is determined not to be
> disabled.[]  If the claimant survives the fourth stage, the fifth, and final, step
> requires the SSA to consider so-called "vocational factors" (the claimant's age,
> education, and past work experience), and to determine whether the claimant is
> capable of performing other jobs existing in significant numbers in the national
> economy.[]  [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

3

The plaintiff-claimant bears the burden of proof regarding the first four steps.  *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002).  If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy.  *Id.*

### B.    Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence.  *Johnson*, 817 F.2d at 986.  In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *Ferraris v. Heckler*, 728 F.2d 582, 587-88 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Williams o/b/o Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more than a scintilla" of evidence scattered throughout the administrative record.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v.*

4

*NLRB*, 305 U.S. 197 (1938)).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams*, 859 F.2d at 258 (citations omitted).  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

## III.    THE PLAINTIFF

At the time of the administrative hearing, Plaintiff was twenty-six years old.  T 20, 24.  She lived with her boyfriend.  T 32.  She has three children.  T 25, 32.  She completed the ninth grade.  T 24.

From 1999 to 2003, Plaintiff worked as a cashier at a fast food restaurant.  T 24.  She stated that she experienced anxiety while working in that position.  T 25.

Plaintiff alleges disability due to depression, social anxiety, and bipolar disorder.  T 117.  When asked to state the conditions that prevent her from working, Plaintiff stated "tiredness and [] anxiety."  T 28.

## IV.    THE ALJ'S DECISION

In determining that Plaintiff was not disabled, the ALJ made the following findings:

1.    Plaintiff had not engaged in substantial gainful activity since the date she applied for benefits.  T 11.

2.    Plaintiff's depression, anxiety and bipolar disorder were severe impairments.  T 11.

3.      Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  T 11.

4.      Plaintiff had the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels," but only simple and repetitive tasks.  T 12.

5.      Plaintiff was unable to perform her past relevant work, but under the Medical-Vocational Guidelines, Plaintiff was not disabled.  T 18.

## V.    DISCUSSION

### A.    Treating Physician's Opinion

Plaintiff argues that the ALJ erred by failing to make an "express finding" as to the weight given to the opinion of her treating physician, Dr. Frank Eder.  Dkt. No. 12 at 8-10. Defendant concedes that the ALJ "failed to explicitly ascribe weight to Dr. Eder's opinion," but argues that there was no error because a review of the record indicates that the ALJ thoroughly considered Dr. Eder's treatment notes and implicitly found Dr. Eder's opinion unpersuasive. Dkt. No. 15 at 4-6.

The medical opinions of a treating physician are given "controlling weight" as long as they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with other substantial evidence contained in the record.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  Even if the treating physician's opinion is contradicted by substantial evidence and thus is not controlling, it still may be entitled to significant weight "because the treating source is inherently more familiar with a claimant's medical condition than are other sources." *Schisler v. Bowen*, 851 F.2d 43, 47 (2d Cir. 1988).  However, if not controlling, the proper weight given to a treating physician's opinion depends upon the following factors: (1) the length of the treatment relationship and frequency of examinations; (2) the nature

and extent of the treatment relationship; (3) the medical evidence in support of the opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion is from a specialist; and (6) any other factors that tend to support or contradict the opinion.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

The Commissioner's notice of determination or decision must "give good reasons" for the weight given a treating source's opinion.  20 C.F.R. § 404.1527(d)(2).  Omission of this analysis is considered a failure to apply the proper legal standard, and is grounds for reversal of the Commissioner's determination.  *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (noting that decision-makers have an "obligation" to explain why a treating physician's opinion was not credited) (citing 20 C.F.R. § 404.1527(d)(2) and *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998)) and (explaining that the claimant was entitled to be told why the Commissioner decided to disagree with the treating physician); *see Halloran v. Barnhart,* 362 F.3d 28, 32-33 (2d Cir. 2004) ("emphasiz[ing] that under the regulations, *see* 20 C.F.R. § 404.1527(d)(2), the Commissioner is required to provide 'good reasons' for the weight []he gives to the treating source's opinion") (citing *Schaal*, 134 F.3d at 505).

In this case, the ALJ summarized treatment notes provided by Dr. Eder.  T 13-17.  He also reviewed the physical and mental RFC assessments completed by Dr. Eder.  T 16.  However, the ALJ failed to indicate what weight, if any, he afforded Dr. Eder's opinion.  He also failed to provide "good reasons" to support the weight, if any, that he afforded the opinion, which was a failure to apply the proper legal standard.

Defendant argues that the "ALJ implicitly considered the supportability and consistency

7

of Dr. Eder's functional limitations, and did not give them significant weight when he stated that he considered the entire record, and concluded that the evidence does not support [P]laintiff's assertions of total disability." Dkt. No. 15 at 5. For support, Defendant cites to *Berry v. Schweiker*, where the Second Circuit held that an ALJ's failure to explain his rejection of the claimed listed impairments did not warrant remand because the court was "able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982). However, in *Berry*, 675 F.2d at 469, the ALJ omitted an analysis regarding whether the plaintiff met a listed impairment. Here, the ALJ omitted an analysis of the treating physician's opinion, which the Second Circuit has held is a failure to apply the proper legal standard, and is a ground for reversal. *See Snell*, 177 F.3d at 133; *Schaal*, 134 F.3d at 505; *see also Halloran,* 362 F.3d at 32-33. Moreover, under the regulations, the ALJ is charged with providing "good reasons" for the weight given to a treating source's opinion, 20 C.F.R. § 404.1527(d)(2).

Accordingly, the matter in this regard should be reversed in order for the ALJ to properly analyze Dr. Eder's opinion.

### B.    Credibility

#### 1.    Plaintiff's Credibility

Plaintiff argues that the ALJ failed to properly assess her credibility. Dkt. No. 12 at 10. Defendant argues that the ALJ properly evaluated Plaintiff's credibility. Dkt. No. 15 at 9-11.

"An [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must

set forth his or her reasons 'with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quoting *Gallardo v. Apfel*, Civ. No. 96-9435, 1999 WL 185253, at *5 (S.D.N.Y. Mar. 25, 1999)).

To satisfy the substantial evidence rule, the ALJ's credibility assessment must be based on a two-step analysis of pertinent evidence in the record.  20 C.F.R. § 404.1529; *see also Foster v. Callahan*, Civ. No. 96-1858, 1998 WL 106231, at *5 (N.D.N.Y. Mar. 3, 1998).  First, the ALJ must determine, based upon the claimant's objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged . . . ."  20 C.F.R. § 404.1529(a).  Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which they limit the claimant's capacity to work.  20 C.F.R. § 404.1529(c).  When the objective evidence alone does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms.  20 C.F.R. § 404.1529(c)(3).  An ALJ's evaluation of a plaintiff's credibility is entitled

to great deference if it is supported by substantial evidence.  *Murphy v. Barnhart*, No. 00-9621, 2003 WL 470572, at *10 (S.D.N.Y. Jan. 21, 2003) (citations omitted)).

Here, the ALJ's assessment of Plaintiff's credibility is unclear.  The ALJ appears to find Plaintiff credible only to the extent that her allegations supported his RFC determination.  T 17 ("[T]he claimant's statements concerning the intensity, persistence and limiting effects of [the alleged] symptoms are not credible to the extent they are inconsistent with the [RFC] assessment.").  However, under the regulations, the ALJ must consider Plaintiff's symptoms "and the extent to which [her] symptoms [could] reasonably be accepted as consistent with the objective medical evidence and other evidence."  20 C.F.R. § 404.1529(a).  Therefore, the propriety of the ALJ's finding that Plaintiff was credible only to the extent that her statements were consistent with his own RFC determination is questionable.

In any event, the ALJ failed to indicate the weight he gave to Plaintiff's statements.  As noted, he vaguely stated that Plaintiff was credible to the extent that her allegations were consistent with the RFC determination.  An ALJ's decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the ALJ gave to the individual's statements and the reasons for that weight.  SSR 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996).  Here, the ALJ's decision is not sufficiently specific to make clear to this Court what weight the ALJ gave to Plaintiff's statements.

In light of the foregoing, the Court is unable to find that the credibility determination is supported by substantial evidence.  Therefore, the matter should be remanded in order for the

ALJ to properly analyze Plaintiff's credibility.

### 2.    Witness's Testimony

Plaintiff argues that the ALJ erred in his assessment of hearing testimony provided by Edward Shelton, who was Plaintiff's boyfriend.  Dkt. No. 12 at 13-14.  Plaintiff appears to claim that the ALJ erred because he omitted the majority of this witness's testimony from his decision. Defendant does not specifically address this issue.

An ALJ must consider descriptions and observations of a claimant's limitations from a claimant's impairment(s) that are provided by family, neighbors, friends, or other persons.  20 C.F.R. § 404.1545(a)(3).  Here, the ALJ specifically noted some portions of this witness's testimony in his decision.  T 16.  The ALJ was not required to recite every statement from this witness in his decision.  Therefore, the Court sees no reason to recommend remanding the matter in this regard.

### C.    RFC

Plaintiff argues that the RFC determination is not supported by substantial evidence.  Dkt. No. 12 at 14-16.  Defendant argues that the RFC determination is supported by substantial evidence.  Dkt. No. 15 at 6-11.

A claimant's RFC represents a finding of the range of tasks he or she is capable of performing notwithstanding the impairments at issue.  20 C.F.R. § 404.1545(a).  An RFC determination is informed by consideration of a claimant's physical abilities, mental abilities, symptomology, including pain, and other limitations which could interfere with work activities on a regular and continuing basis.  *Id.*; *Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y.

1999).

Here, the ALJ found that Plaintiff retained the RFC to perform a full range of work at all exertional levels that involves only simple and repetitive tasks. T 12. The ALJ stated that the RFC determination was "based on the objective medical evidence and the claimant's testimony." T 17.

First, regarding the objective medical evidence, the ALJ summarily cited the opinion of a State agency review physician, M. Apacible.[2] T 170-87. However, I note that the ALJ failed to indicate what specific findings from this source support the RFC. An RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Here, the ALJ failed to explain how this opinion supports the RFC assessment. Moreover, how this opinion provides support is unclear to this Court.

Second, regarding Plaintiff's testimony, the ALJ vaguely cited Plaintiff's testimony as support for the RFC. T 17. He failed to indicate what portions of Plaintiff's testimony support the RFC. Moreover, the Court is unable to identify what portions of Plaintiff's testimony support the RFC. Plaintiff testified that she experiences severe panic attacks a "couple" of times a week. T 28, 29. She stated that during the panic attacks, her mind races, she sweats badly and shakes, and she experiences negative thoughts, stomach pains, and vomiting. T 28, 29, 34. After the

---

[2] I note that the ALJ and the parties refer to this source as a "doctor." However, the documents completed by this individual, T 170-87, give no clear indication that this individual is a doctor.

panic attacks, she is tired and has no energy.  *Id.*  She then sleeps for four-to-six hours.  *Id.*

Plaintiff also stated that she experiences depressive episodes.  T 29-30.  She stated that during such an episode, she is a "zombie;" feels fatigued, tired, and sad; and will cry for "hours on end."  T 30.  Plaintiff stated that when she is more "mild[ly]" depressed, she will wake up and then take a shower, but she will go back to bed within four hours.  T 31.  She stated that when she is "really depressed," she cries "for hours," and will not get out of bed at all.  *Id.*  She also indicated that during such a time, she will not leave the house "[no] matter how important it is." T 33.  She indicated that she is really depressed "a couple [of] times a week."  T 30.

Plaintiff further testified that she takes several medications, including medications for her bipolar disorder and anxiety, and that the medications create side effects that make her feel very irritable and tired.  T 31.

Regarding her ability to work, Plaintiff stated that if she had a job, she would feel stressed, anxious, and sick.  T 29.  She also stated that she is unable to relate to other people, such as bosses or coworkers.  T 34.

In light of the foregoing, the Court is unable to find that the RFC determination was supported by substantial evidence.  Moreover, as previously discussed, the ALJ failed to properly analyze the treating source's opinion.  Accordingly, the matter in this regard should be reversed.

### D.    Vocational Expert Testimony

Plaintiff argues that the ALJ erred by failing to consult a vocational expert.  Dkt. No. 12 at 16.  Defendant argues that the ALJ committed no such error.  Dkt. No. 15 at 11-12.

Because the Court is recommending remand for several reasons, the Court recommends

remand on this issue as well.  Upon remand, the ALJ shall obtain the opinion of a vocational

expert if Plaintiff's nonexertional impairments present significant limitations.  *See Bapp v.*

*Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986) (holding that if a claimant's nonexertional

impairments "significantly limit the range of work permitted by his exertional limitations" the

application of the grids is inappropriate).

   **WHEREFORE**, for the reasons set forth above, it is hereby

   **RECOMMENDED**, the Commissioner's determination of no disability be VACATED,

and the matter REMANDED to the agency for further consideration.

   Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file

written objections to the foregoing report.  Such objections shall be filed with the Clerk of the

Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL

PRECLUDE APPELLATE REVIEW.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: June 25, 2010
  Syracuse, New York

George H. Lowe
United States Magistrate Judge